First case which is Robert Gordons v Bank of America. Thank you Your Honor. Jeffrey Gryalsheimer, Foxhorn & Camerini for Robert L Gordons, the plaintiff appellant. Your Honor this is, or the court, this is a case arising out of the context of a mortgage that was entered into under powers of attorney. The powers of attorney are defective. The New York State statute creates a statutory short form. The parties who entered into the mortgage used that statutory short form. They titled the powers of attorney, both of them in this case, durable power of attorney, New York statutory short form, and in the words of my adversary they used the exact wording of the statutory form. The statute says that every statutory short form durable power of attorney to be valid must be written, typed, or printed using letters which are of clear type of no less than 12 points in size and must contain in bold face the caution and directions contained in the statutory form. But how did the district court, essentially the district court concluded that maybe those requirements are necessary for it to be treated as a statutory short form of powers of attorney, but it can be valid otherwise even with minor deviations from the short form format? Yes. The statute says that you can use another form. The issue presented to the district court and here is when you title the document statutory short form and you use the exact text of the statutory short form, but you fail to format as the statute requires, have you used a different form or have you failed to format? Your position that this might be valid as long as the title had been removed. If it didn't call itself a statutory short form, would it then be valid? No, Your Honor. It also used exactly the same text as is contained in the statutory short form. Why should that preclude it from being treated as a correct manifestation of the party's intent to endow an individual with the power of attorney? Certainly you can have intent to create a power of attorney, but you actually have to go through and do that as is required by the statute. You can't simply say because we intended to create a power of attorney, we must have created one. You actually have to go through all of the steps. And you have to balance the statutory provisions in such a way as to give effect to the paragraph that says to be valid, you must do this with the paragraph that says you can use another form. And in finding that balance, if you appear to be intending to use the statutory short form, as was the case here, they copied the text, they put the title on it, then you must go through all of the steps required by the statute in order to get to validity. They didn't. And that's why we're saying that the power of attorneys are void and the mortgage is void. And if you look at some of the cases handled in the state courts where you can see that there is clear intent to endow a power, take the Marriott case, take the Mercado, those cases, somebody put an X in the space where it says to put your initials. That, to me at least, suggests that there is an intent to create that power. Yet the courts said the directions say you must initial. And every one of the courts that has looked at that issue has said where you've put an X instead of your initials, the power is void and no authority is given. Did they put their initials in this case? That's one of the issues, Judge. If you look at . . . There are initials. You're saying it's not theirs. I'm saying if you look at it, I can't tell what's there. There's a squirrelly mess in one of them. We can look at it. I believe it's page 26 and 29 in the appendix. But I can't identify those as letters. It's a mark. You're entitled to fact finding on that? I also agree with Judge Quorman that on JA-29 it looked like the individual's initials. And it didn't look like an X. It also looked like initials to me on JA-26. But you're saying that there needs to be fact finding on that? That's what we would expect, is that because we can't identify them and we are alleging that they're not initials, we should get the opportunity to ask the person who executed it, can we have . . . is this your initials? One of the cases you relied on, a 1925 case, I believe Dunton maybe, you highlighted that as a case that showed that failure to comply would render the whole . . . with some certain technicalities would render the whole power of attorney invalid. But in that case, there was no power identified. Here, the function of the initials here is to identify which powers are conveyed and to indicate an affirmative intention to convey those powers. It doesn't seem to me that there's any lack of statutory, and this is acknowledged and otherwise validated, shows exactly what powers were to be conveyed. Do you rely heavily on Dunton, as I understand it, or are there other . . . The Davis against Dunnett? The Davis against Dunnett case. I'm sorry. Let's see. I was just struck by having Davis and Dunnett. Yes. Yeah. It's certainly one of the cases that supports the position. That was a situation where the principal knew that the mortgage was being entered into, requested that the agent act, and the court still invalidated it. And the court got the . . . the mortgage was found to be not valid in that situation. But there, the document . . . the court said the document states nothing to which the grant of powers can be related. That's a fundamental issue, unlike what we have here, where the indication of the powers to be granted was very clearly indicated. Yes. You have . . . somebody has put a mark in the box. We can say it's initials. We can say it's a squiggly mess that we can't identify. The allegation is it's a squiggly mess. Clearly, it is alongside the powers that should have been awarded in this situation. There's no dispute about that. This is . . . But your argument has to be . . . the only argument that I can see here is that it's not plausible, looking at that, to say that it's an initial. It's attached to the complaint. We can determine if we agree with you on that point or not. Certainly. That's your only argument with regard to those marks, because you don't . . . there are no other allegations in the complaint to suggest that it was not the Kims who made those marks. No. We're not suggesting that anybody else did it. It's either the Kims or nobody, and it's a question of whether those are actually their initials, or it's something that we can't decipher. Thank you. Good morning, Your Honors. Ken Flickinger from Eckerd, Siemens, Chiron, and Malott for the defendant appellee. Your Honors, the appellant's arguments in this case are the classic case of form over substance. The question is, why would the legislature design a statutory form of a power of attorney for the public to use, and then subject it to the condition that if you miss a comma, everything that in the power of attorney may be void, all the transactions executed with it may be void, and a third party that's not even a party to the documents may be able to attack them? It's not logical. It is not reasonable, and it's also not supported by the text of the statute itself or the cases interpreting it. With respect to the allegation about the initials, aren't we bound to take your adversary's allegation as true that those aren't the initials of the Kims? Well, the plaintiff doesn't have any personal knowledge related to the formation of the power of attorney or the execution of the power of attorney. It's not like the Kims, who were the signatories to the agreement, are contesting that they didn't put their initials there. What you have is a power of attorney that is signed, acknowledged, and bears handwriting next to the enumerated powers. I don't think that the plaintiff, who was not a party to the agreement, stating that, well, maybe that's not their initials. That's not sufficient to state a claim. It doesn't state a plausible claim because they have no idea, really. We have to evaluate whether it's a plausible claim or not based on the presence or absence of personal knowledge. Yes, Your Honor. What about your adversary also talks about the fact that the Kims appeared before a notary public in New Jersey and that this was defective in the absence of a certificate of conformability? Well, Your Honor, there is case law from New York Appellate Division, the Second Department, in which they basically held that the lack of a certificate of conformity for an out-of-state acknowledgement is not a defect where the uniform, all-purpose certificate of acknowledgement from Section 309B, I believe it was, is used. And if you look at the language from that uniform, all-purpose certificate of acknowledgement and compare it to the language that was used in the acknowledgement on the power of attorney, they are practically identical. And the court in that case, it was the Midfirst Bank v. Ago case, the court in that case said it needs to only substantially conform with that uniform, all-purpose certificate of acknowledgement. So in this case, notwithstanding the lack of a certificate of conformity, it's still valid under New York law. Just briefly with respect to the issue regarding the placement of an X next to the initials. The cases that Appellant cited were cases where there was only an X placed next to the enumerated powers and there were no initials. In this case, there was an X, but there was also handwriting next to it, which certainly appears to be the initials of the parties granting the power of attorney, so those are distinguishable cases. And as to Appellant's argument that he raised today, regarding the balance between the language of the statute requiring certain formalities and the statement in the statute that nothing in the statute bars the use of any other or different form of power of attorney. The statute says, nothing in the statute shall bar the use of any other or different power of attorney. So if you take the statutory short form power of attorney and take one word out, well now that is any other or different power of attorney. And it's you should not be barred. It's not as though they said, well, nothing in the statute shall bar the use of some particular prescribed other form of power of attorney, just as the use of any other or different power of attorney. So it is any different power of attorney when you change one thing out of the statutory form, and that would not be barred by, pursuant to the statute. Thank you, your honors. I made just one point on the balancing of the two statutes, the two provisions within the statute. There is a third provision that recognizes that there are definitions that come in the following sections. And you don't get the benefit of those definitions unless you have used the statutory short form as it's defined in the opening provision, which is 1501. 1502 and later give you explanations of how the provisions work together. The statute, again, is very specific. And it says you must use the exact wording. And it is valid, or it is a short form power of attorney when but only when you have done what you're required to do in the beginning. And this is a situation where in order to give any effect to the requirements of the statute, you have to go with the position that if you follow the statutory form, then the formatting requirements must mean something, because if the position is that you don't have to do the formatting, then you have effectively nullified that paragraph of the statute by saying it's simply a different form. Why isn't it a reasonable interpretation of the statute, and help me understand what I'm missing, to say if you don't do what the form requires, your power of attorney will not be treated as a short form power of attorney. But that does not mean it may not be a valid power of attorney under New York law. Certainly, that's a possibility, but that's not the facts that we have here. The facts that we have here are the folks who have afforded the power, used the statutory text, and they titled it with the statutory title. So we are not in some different land where they've created from whole cloth a new power of attorney. It has to be your position then that if you use the wrong typeface in one word, because there are provisions, as you rightly point out, that go to typeface. You just use the wrong typeface in one word, but in all other respects, it complies with the statute. As long as, if it's titled short form, it's an invalid power of attorney. I'm struggling to find a way to answer that question without saying that the legislature said to be valid, you must do it this way. It's not a- I don't think it's said to be valid. It's said to be treated under this statute. 1504 says no financial institution located in this state shall refuse to honor a statutory short form power properly executed and so on, and the failure to honor a properly executed statutory short form. So it had to do with the obligations on the banks in assessing something that complied precisely with the statutory short form. But I don't think, and I think that it went farther than that. And as reflected in the paragraph that you point to as requiring balancing, it doesn't say that any other document can't be valid as a power of attorney if it doesn't comply with this. Whether it's titled statutory short form or not, it's just the statutory short form and all of the typeface and other requirements had to do with the obligations related to that on financial institutions. I don't really understand what you're pointing to as saying that the legislator intended to invalidate all other documents intended to be powers of attorney from effectiveness. I think I understand where you're going. The legislature wrote, however, that in order for the power of attorney to be valid, it must be formatted this way. It's the closing paragraph of section one, just before section 1A. I'm sorry, what are you pointing to? The closing paragraph of section one of, of subsection one of 5-1501, the historic statute that was in effect at the time that the power was entered into. Thank you. So maybe you could read that language. Certainly. Every statutory short form durable power of attorney to be valid must be written, typed, or printed using letters which are in legible writing or of clear type of no less than 12 point in size. Or if in writing, a reasonable equivalent thereof and must contain in bold face uppercase and upper and lower case type or a reasonable equivalent. Okay, you can pause there. I'm looking at that, but that again is tied to be a statutory short form durable power of attorney. And that doesn't, to my reading, supersede the preceding paragraph that says no provision shall be construed to bar the use of any other or different form. I'm struggling with how you can allow the preceding paragraph to nullify that language when a party chooses to use the statutory language and titles it the statutory form. If you say that any other form is valid, and therefore you don't have to pay any attention to the statutory formatting requirements, then there's no meaning to them, and they're just wasted words in the statute. Okay. Thank you. Thank you both for your argument. We'll take the matter under advisement.